***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 30, affirmed October 12, 2022

In the Matter of A. R. N.,
fka A. R. C., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. N.,
aka N. R. C., aka N. R. N.,
*Appellant.*

Deschutes County Circuit Court
19JU08744; A178371

Alicia N. Sykora, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Mother appeals a permanency judgment changing the permanency plan for her child, A, from reunification to a durable guardianship with the child's grandmother. In her first assignment of error, mother contends that the juvenile court erred in concluding that DHS's reunification efforts qualified as reasonable. In her second assignment of error, mother contends that the juvenile court erred in changing A's permanency plan from reunification to guardianship. We affirm.

"[O]n appeal of a permanency judgment, the juvenile court's determination whether DHS's efforts were reasonable is a legal conclusion that we review for errors of law." *Dept. of Human Services v. L. L. S.*, 290 Or App 132, 133, 413 P3d 1005 (2018). "In conducting that review, we are bound by the juvenile court's explicit factual findings if there is evidence to support those findings," and "we presume that the court made any necessary implicit factual findings in a manner consistent with its ultimate legal conclusion." *Id*.

The juvenile court took jurisdiction over A on the basis that mother's mental health impaired her ability to safely parent A. On appeal, mother does not argue that DHS did not make reasonable efforts throughout the life of the case to help mother engage in mental health treatment to ameliorate that basis for jurisdiction. Instead, in a combined argument section, mother argues that, because reunification with A was not possible in the absence of family therapy between mother and A, DHS's failure to facilitate that therapy—specifically, by providing A with information about mother and providing visitation for A and mother—rendered its reunification efforts not reasonable as a matter of law.

The difficulty with mother's argument is that the record contains evidence that A did not want to hear information about mother or have any contact with mother, and that forcing A to hear about mother or have contact with mother against A's will would have been harmful to A. It also contains evidence that, despite A's reluctance to interact with mother, DHS took steps to facilitate visitation and communication between mother and A, rather than merely

acceding to A's refusal to engage with mother. The juvenile court was entitled to consider that evidence in making its determination as to whether DHS's efforts were reasonable. *Dept. of Human Services v. M. K.*, 285 Or App 448, 455, 396 P3d 294, *rev den*, 361 Or 885 (2017); ORS 419B.476(2)(a) (directing that, in making a reasonable efforts determination, "the court shall consider the ward's health and safety the paramount concerns").

In the particular circumstances of this case, we conclude that the juvenile court did not err in its reasonable efforts determination. *Dept. of Human Services v. M. A. H.*, 284 Or App 215, 223, 391 P3d 985 (2017) (the reasonableness of DHS's efforts "depends on the particular circumstances of each case and [is] assessed in the totality of the circumstances with reference to the facts that formed the adjudicated bases for jurisdiction" (citation and internal quotation marks omitted)); *M. K.*, 285 Or App at 459 ("In short, both in light of the extensive efforts that DHS made and in light of the evidence that further efforts to pursue therapeutic visitation would have been unproductive or even harmful, we conclude that the juvenile court did not err in concluding that DHS made reasonable efforts to achieve reunification."). For that reason, we also reject mother's assignment related to the change in permanency plan, which was premised on DHS's purported lack of reasonable efforts.

Affirmed.